UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 10-4989(DSD/JSM)

Boutuivi Ahlin Sanvee,

        Plaintiff,

v.                                                      **ORDER**

Hennepin County Medical Center,

        Defendant.


     This matter is before the court upon the application of petitioner Boutuivi Ahlin Sanvee to proceed in forma pauperis (IFP) on appeal of the court's order dismissing this action without prejudice.

     A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  See also Fed. R. App. P. 24(a).  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith."  28 U.S.C. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous.  Id.  An appeal is frivolous, and

therefore cannot be taken in good faith, "where it lacks an arguable basis in either law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989).

The court has carefully reviewed the record in this case. Based on its review of the record and file, the court concludes that petitioner's contentions lack an arguable basis in fact or law and that an appeal of this action would not be taken in good faith.[1] Accordingly, based upon the foregoing, and all of the files and proceedings herein, **IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis [Doc. No. 14] is denied.

Dated:   September 1, 2011

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

---

[1] Moreover, as in Sanvee's prior filings, he captions his notice of appeal as an action against Hennepin County Human Services (HCHS) and the thrust of his grievance appears directed at HCHS. See Mot. of Appeal, ECF No. 13. Sanvee has an active action against HCHS. See Second Am. Pretrial Scheduling Order, Sanvee v. Hennepin Cnty. Human Servs., No. 10-527 (D. Minn. Aug. 16, 2011).  As to defendant Hennepin County Medical Center, there is no private right of action under HIPAA. See Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010).